The President
delivered the opinion of the Court.
The evidence of Mr. Thompsons confession respecting the payment of the mortgage money is loose and desultory; liable to the objections justly stated by the Chancellor, and to others also important; amongst which, one is, that none of the witnesses mention the time, or near it, when those confessions were made—■ the proof respecting his silence at the sale is also very defective.
To sustain the decree so far as it goes, the counsel made several observations upon the evidence, which need not be further noticed, since we agree with the Chancellor on that ground.
The counsel for the appellees, upon this point, supposing that the evidence should be adjudged insufficient to prove the mortgage to have been paid off, insisted, that no day of payment being mentioned, it was a conditional purchase, and not a mortgage; that Davenport might repurchase at any time, upon payment of principal without interest; which not being mentioned; cannot properly be demanded.
In questions, whether a deed should be considered as a mortgage, or an absolute purchase, Chancellors have said, they would govern themselves by the intention of the parties; and if the former appeared to have been intended, they would not suffer it to be changed into a purchase by any form of words which might elude the justice of the Court in permitting a redemption.
In aspect, form, and essence, this is a mortgage without a trait indicating a purchase. No price for a purchase was contemplated, or discussed, as in a sale. The vendor retains possession, which is uniformly the effect of a mortgage, and not of a sale. There is also *165 a covenant for payment of the money; and though interest is not mentioned, yet the principal debt was due on demand, and bore interest from the date, as in the common case of a bond.
In the case of a purchase, the vendee, has possess ion of the property, in lieu of interest, and therefore, if there be a condition to repurchase, it is done on payment of principal only, unless interest be expressly mentioned; because otherwise, the vendee would have double satisfaction, namely, interest, and the use of the land. But, in this case, Thompson has received no equivalent for interest, since Davenport retained the possession of the land. Upon the whole, it is clear, that this is a mortgage, and as such; is redeemable upon the common terms, of paying principle and interest.
But the decree, reducing the mortgage from 40/. 18s. 7dL, principal debt in 1756, to 29/. is. 3d., principal in 1762, is complained of by both of the parties. The appellants counsel insisting, that since there was a running account between the parties, on the close of which, a balance was due to Thompson, there ought therefore, to be no deduction from the mortgage debt On the other side it is insisted, that since payments were made subsequent to the mortgage, more than sufficient to discharge both principal and interest, they ought to be so applied, and the balance should be credited in the account.
The rule as it respects the application of payment is agreed ; but the question is, how it operates on the present case ?
It is insisted, that the credits, are not to be considered as payments, but as forming so many items in a running account. Whether this would be the case or not, if the credits were mere matters of account, we will not now determine, as we understand, that that will be made a question in some other cause which is to come on.
But in this case, the credit in June 1762, of 80/., which reduces the mortgage, is not of goods, or produce, so as to be a matter of account only» but was a *166 payment made in money, or what was equivalent thereto, by two orders on Jackson and Crenshaxu.
After the account was paid off to that time, there was no choice of application, there being no debt but the mortgage.
The decree therefore is right, so far as it respects balance due, but is defective, in not decreeing a con•veyance, and disposing of the surplus.
As to the costs in Hanover, and the District Courts;; whether it proceeded from a difference in opinion between the Chancellor and this Court, or that it was not attended to by him, we cannot say; we rather suppose the latter, since we cannot discover any ground for making the defendant pay those costs ; since he was certainly entitled to a considerable balance, and was pursuing regular methods to recover it. The costs in the Court of Chancery were properly awarded against him, since the plaintiff was relieved.
The decree, as also the first decree dismissing the bill with costs, must be reversed with costs.(1)

 Dabney v. Green, 4 Hen. & Munf. 101.